IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| LORENZA GERALD FEREBEE, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:19-cv-00681 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| C. MANIS, *et al.*, | ) | By: Hon. Thomas T. Cullen |
| | ) | United States District Judge |
| Defendants. | ) | |

Plaintiff Lorenza Gerald Ferebee ("Ferebee"), a Virginia inmate proceeding *pro se*, has brought this action under 42 U.S.C. § 1983 against numerous guards and administrative personnel at Wallens Ridge State Prison ("Wallens Ridge"). Ferebee generally alleges that officials at Wallens Ridge have violated internal policies regarding recreation time. He also alleges that he was subjected to false disciplinary charges in retaliation for his litigiousness. The matter is now before the court on Defendants' motion to dismiss.[1] (ECF No. 60.) Because Ferebee's allegations (if true) would not amount to a violation of the Eighth Amendment, and because Ferebee's retaliation claims were the subject of another lawsuit that has been tried to a jury and concluded, the court will grant the motion to dismiss.

---

[1] The moving defendants are: C. Manis; Q. Reynolds; D. Anderson; Sgt. M.W. Gilley; Warden David Zook; Major C. King; Capt. J. Burgin; Unit Manager J. Carico; Grievance Coordinator B. Ravizee; H.R. Hensley; Lt. T.B. Smith; Lt. L.A. Light; Lt. B. McCray; Sgt. G. Woodward; Correctional Officer J. Gilbert; and Counselor T.R. Tiller (collectively "Defendants"). The only other defendant, Counselor H. A. Osborne, was served on January 14, 2022 (ECF No. 68), but has not noted an appearance or responded to the allegations. Although counsel for Defendants "was unable to accept service on Defendant Osborne's behalf" (Br. in Supp. pg. 2 n.2 [ECF No 61]), Osborne was personally served by the U.S. Marshals.

# I. BACKGROUND

The facts are taken from Ferebee's *pro se* complaint and, at this stage, are presumed true. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Ferebee is currently incarcerated at Wallens Ridge. (Third Am. Compl. ¶ III.A [ECF No. 53].) Despite his 43-page complaint, Ferebee's allegations can be boiled down to their essence rather easily. He alleges that VDOC policy requires that inmates at Wallens Ridge be given one hour of recreation time every day. (*See id.* ¶ V(B)(2)(a)(1).)[2] According to Ferebee, the provision of the Wallens Ridge handbook that outlines inmate recreation states, "All offenders in 'General Population Unit(s)' at W.R.S.P. 'Will' receive '1 Hour' of Recreation outside their cell(s) daily contingent upon Security and Staffety Consideration(s)." (*Id.* [*sic* throughout].) He contends that, at various times, guards have enforced this provision by giving one tier 30 minutes of recreation, then giving another tier 30 minutes of recreation, and counting that as one hour of recreation for the day. (*See id.* ¶ V(B)(4).) Ferebee also alleges that guards occasionally permit recreation from "6:10 am until 6:45 am or 6:50 am and log it into the book(s) that that(s) 1 Hour." (*Id.* [*sic* throughout].) Finally, he alleges that recreation has been cancelled completely some days due to, in his opinion, exaggerated "security concerns." (*See, e.g.*, *id.* ¶ V(B)(17–18).) Despite his complaints, grievances, and personal pleas to the Warden, Ferebee alleges Wallens Ridge does not follow its own policy. Ferebee contends that Wallens Ridge's "recreation policy and custom(s)" are inadequate (*id.* ¶ V(B)) and constitute deliberate indifference (*id.* ¶ V(C).)

---

[2] Given his prolific litigation in this district, the court suggests that Ferebee abandon his preferred numbering system (involving headings, sub-headings, sub-sub-headings, etc.) in favor of a simple, sequential approach to numbering his paragraphs (i.e., 1, 2, 3) in future filings.

For his second claim, Ferebee alleges that Defendant M.W. Gilley gave him a disciplinary charge for making wine in his cell even though his cellmate was the guilty party and told Gilley as much. (*See id.* ¶ V(D)(3).) Ferebee alleges that Gilley told him that, "since he like(s) to file lawsuit(s)," he was writing him up instead of his cellmate. (*Id.* ¶ V(D)(5) [*sic* throughout].) Ferebee asserts that the false disciplinary charge was retaliatory, in violation of the First Amendment.

Ferebee also claims that Defendant H. A. Osborne gave him a false disciplinary charge as well. Ferebee alleges that he stopped to speak with Osborne one day regarding legal copies he had asked her to make and that, although nothing untoward happened between them, Osborne had Ferebee written up for threatening to do her bodily harm. (*Id.* ¶ V(D)(14).) He also alleges that Osborne refused to notarize documents because she would not help him sue the prison system. (*Id.* ¶ V(D)(15).) Like his allegations against Gilley, Ferebee contends that Osborne's actions were retaliatory, in violation of the First Amendment.

Ferebee filed his third amended complaint on October 25, 2021, and Defendants filed the present motion to dismiss on December 27. (ECF No. 60.) The matter was fully briefed by the parties. Because the allegations and arguments of the parties are adequately set forth in their written submissions, the court will dispense with oral argument on the motion.

## II.   STANDARD OF REVIEW

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint to determine whether the plaintiff has properly stated a claim; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). In considering

a Rule 12(b)(6) motion, a court must accept all factual allegations in the complaint as true and must draw all reasonable inferences in favor of the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Legal conclusions in the guise of factual allegations, however, are not entitled to a presumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–679 (2009).

Although a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and quotations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level," with all the allegations in the complaint taken as true and all reasonable inferences drawn in the plaintiff's favor. *Id.*; *see Chao v. Rivendell Woods, Inc.*, 415 F.3d 342, 346 (4th Cir. 2005). Rule 12(b)(6) does "not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Consequently, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679 (citing *Twombly*, 550 U.S. at 556). A claim is plausible if the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and if there is "more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678.

To allow for the development of a potentially meritorious claim, federal courts have an obligation to construe *pro se* pleadings liberally. *See, e.g., Boag v. MacDougall*, 454 U.S. 364, 365 (1982). Moreover, "liberal construction of the pleadings is particularly appropriate where . . . there is a *pro se* complaint raising civil rights issues." *Smith v. Smith*, 589 F.3d 736, 738 (4th Cir. 2009). Nevertheless, "[p]rinciples requiring generous construction of *pro se* complaints are not

. . . without limits." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). "A *pro se*

plaintiff still must allege facts that state a cause of action." *Scarborough v. Frederick Cnty. Sch. Bd.*,

517 F. Supp. 3d 569, 575 (W.D. Va. Feb. 8, 2021) (quoting *Bracey v. Buchanan*, 55 F. Supp. 2d

416, 421 (E.D. Va. 1999)).

### III.   ANALYSIS

Ferebee brings his causes of action under 42 U.S.C. § 1983. Section 1983 creates a

private cause of action against anyone who,

> under color of any statute, ordinance, regulation, custom, or
> usage, of any State or Territory or the District of Columbia,
> subjects, or causes to be subjected, any citizen of the United
> States or other person within the jurisdiction thereof to the
> deprivation of any rights, privileges, or immunities secured by the
> Constitution and laws . . . .

42 U.S.C. § 1983. To state a cause of action under § 1983, a plaintiff must allege facts that, if true,

would show that he has been deprived of rights guaranteed by the Constitution or laws of the

United States, and that the deprivation resulted from conduct committed by a person acting

under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Liability under § 1983 is

"personal, based upon each defendant's own constitutional violations." *Trulock v. Freeh*, 275

F.3d 391, 402 (4th Cir. 2001). Importantly, "[s]ection 1983 'is not itself a source of substantive

rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'"

*Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 (1979)).

"The first step in any such claim is to identify the specific constitutional right allegedly

infringed." *Id.* (citing *Graham v. Connor*, 490 U.S. 386, 394 (1989); *Baker*, 443 U.S. at 140).

*A.  Recreation Time*

- 5 -

Ferebee's first claim—that Wallens Ridge fails to follow its own policy regarding recreation time—does not allege an injury of constitutional significance.[3]

It is well-settled that, although a state may set policies that exceed the requirements of the Constitution, failure to comply with those policies is not a violation of a constitutional right (unless the violation of policy *also* results in an injury of constitutional significance). *See, e.g.*, *Riccio v. Cnty. of Fairfax*, 907 F.2d 1459, 1466 (4th Cir. 1990) ("[A] state does not necessarily violate the Constitution every time it violates one of its rules."); *Mansoor v. Cnty. of Albemarle*, 124 F. Supp. 2d 367, 379–80 (W.D. Va. 2000) (noting that state law "need not be complied with fully to satisfy *federal* due process"); *Snodgrass v. Messer*, No. 7:16CV00050, 2017 WL 975992, at *7 (W.D. Va. Mar. 10, 2017) ("State officials' failure to abide by state procedural regulations is not a federal due process issue, and is, therefore, not actionable under § 1983."). Thus, the violation of Wallens Ridge policies or procedures, standing alone, is not actionable under § 1983. Ferebee's claims are only actionable, then, if the failure to afford him an hour of recreation time every day constitutes an unlawful condition of confinement.

The Eighth Amendment forbids cruel and unusual punishment. U.S. Const. Amend. VIII. In certain circumstances, the conditions of confinement can constitute a cruel and unusual punishment. "A two-pronged showing is necessary to demonstrate a *prima facie* Eighth Amendment violation with respect to prison conditions: (1) a serious deprivation of a basic

---

[3] Moreover, Ferebee does not adequately allege which of the named defendants are responsible for the alleged deprivation. As noted, liability under § 1983 is "personal, based upon each defendant's own constitutional violations." *Trulock*, 275 F.3d at 402, and his failure to assign specific wrongdoing to each named defendant is troubling. Insofar as Ferebee is attempting to assert a claim for municipal liability under *Monell v. Department of Social Services*, 436 U.S. 658 (1978), by peppering his complaint with the buzzwords "policy and custom," his allegations do not state such a claim. *See, e.g.*, *Smith v. Town of S. Hill*, No. 3:19cv46, 2020 WL 1324216, at *21 n.29 (E.D. Va. Mar. 20, 2020) ("A *Monell* claim is properly brought against a '[l]ocal governing body.'" (quoting *Monell*, 436 U.S. at 690)).

human need; and (2) deliberate indifference to prison conditions on the part of prison officials." *Williams v. Griffin*, 952 F.2d 820, 824 (4th Cir. 1991) (cleaned up); *see also Rivera v. Mathena*, 795 F. App'x 169, 174 (4th Cir. 2019) ("To sustain an Eighth Amendment claim, a prisoner must show two things: 1) 'the deprivation suffered or injury inflicted on the inmate was sufficiently serious (objective component),' and 2) 'the prison official acted with a sufficiently culpable state of mind (subjective component).'" (quoting *Iko v. Shreve*, 535 F.3d 225, 238 (4th Cir. 2008)).

Under the objective prong, Ferebee must show that "the deprivation alleged [was], objectively, sufficiently serious." *Scinto v. Stansberry*, 841 F.3d 219, 225 (4th Cir. 2016) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). Ferebee has not met this high bar. At most, Ferebee alleges that, from time to time, inmates (including himself) are denied the full hour of recreation provided for in the Wallens Ridge handbook. But occasional limitations on recreation time do not rise to the level of an Eighth Amendment violation. *See, e.g.*, *Knight v. Armontrout*, 878 F.2d 1093, 1095–96 (8th Cir. 1989) ("Denial of recreation for a short period, per se, is not a constitutional violation."); *Rivera*, 795 F. App'x at 174 ("A restriction to two showers or exercise periods per week might not violate 'the Eighth Amendment if confined to a relatively short period of maximum confinement'").

Here, Ferebee has not alleged a long-term practice of denial of recreation,[4] but rather the occasional shortening of the recreation period due to staffing and security issues. That is insufficient to state a claim under the Eighth Amendment.

---

[4] In fact, Ferebee does not allege how often recreation time is shortened or cancelled; he only alleges that, each month, Wallens Ridge did not provide "adequate" recreation time. (*See* Compl. ¶ V(C)(12)(a)–(t).)

Ferebee's claims are strikingly similar to those raised in *DePaolo v. Clarke*, No. 7:17cv28, 2017 WL 2984144 (W.D. Va. July 13, 2017). In that case, the plaintiff complained about the recreation policy and its implementation at Red Onion State Prison. In summarily dismissing the case under the screening provisions of 28 U.S.C. § 1915A, Judge James P. Jones[5] found that the plaintiff's allegations did not state a claim under the Eighth Amendment:

> DePaola's complaints about his outside recreation do not present any claim of constitutional proportions . . . . He does not allege that he is always or with any particular frequency denied outside recreation. At the most, he alleges that the defendants sometimes deny him a scheduled outside recreation period without justification, in his opinion. He makes no showing that he has been deprived of the minimal measure of recreation necessary for life.

*Id.* at *4. Such is the case here. Ferebee's complaints of sporadic denials of recreation are not a denial of "the minimal civilized measure of life's necessities." *Farmer*, 511 U.S. at 834. Absent more, Ferebee's allegations that recreation time is shortened or cancelled on occasion does not state a claim under the Eighth Amendment.

### B.  *Retaliation*

Ferebee's retaliation claims must be dismissed because he pressed those claims in a separate lawsuit, which was tried to a jury in this court on August 29–31, 2022. *See* Judgment (ECF No. 137), *Ferebee v. Gilley & Osborne*, 7:19cv00629 (W.D. Va. Aug. 31, 2022). Because Ferebee's *exact* claims were previously tried, and final judgment was entered, they are barred by the doctrine of *res judicata*.

---

[5] Judge Jones has since taken senior status.

"In the Fourth Circuit, once an action reaches a 'final judgment on the merits,' the doctrine of *res judicata* 'bars further claims by parties . . . based on the same cause of action." *W. Md. Wireless Connection v. Zini*, 601 F. Supp. 2d 634, 640 (D. Md. 2009) (quoting *Young-Henderson v. Spartanburg Area Mental Health Ctr.*, 945 F.2d 770, 773 (4th Cir. 1991)). As it applies here, *res judicata* "bars a party from relitigating a claim that was decided . . . in an original suit. The doctrine was designed to protect litigants from the burden of relitigating an identical issue with the same party or his privy and to promote judicial economy by preventing needless litigation." *Laurel Sand & Gravel, Inc. v. Wilson*, 519 F.3d 156, 161–62 (4th Cir. 2008) (cleaned up).

Ferebee's allegations against Defendants Gilley and Osborne are *identical* in every respect to those claims made against them in his previous lawsuit. Because the jury returned a verdict for Gilley and Osborne in that case, Ferebee is barred from reasserting those causes of action in this suit. His claims of retaliation against Gilley and Osborne must be dismissed.[6]

## IV.   CONCLUSION

For the reasons discussed, Defendants' motion to dismiss will be granted.[7] The court will also dismiss Ferebee's claims against Osborne under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.

---

[6] Under 28 U.S.C. § 1915(e)(2)(B)(ii), "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted . . . ." Because Ferebee's claims against Defendant Osborne were previously tried to a jury and a final judgment was entered on the merits, his claim against Defendant Osborne is barred by *res judicata*. Ferebee's complaint therefore fails to state a claim on which relief may be granted and may be dismissed by court without her moving for such relief.

[7] The court previously advised Ferebee that, "barring extraordinary circumstances, no further amendments will be permitted." (Minute Order, Oct. 25, 2021 [ECF No. 52].) Accordingly, this dismissal will be with prejudice, and Ferebee's pending motion for leave to make a short and plain statement for relief will be denied.

The Clerk is directed to forward copies of this Memorandum Opinion and accompanying Order to the parties.

**ENTERED** this 26th day of September, 2022.

*/s/ Thomas T. Cullen*

HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE